United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUARANTY SOLUTIONS RECOVERY FUND 1, LLC, | § | |
| Plaintiff-Garnishor | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00323 |
| FIRST COMMUNITY BANK, N.A. | § | |
| Defendant/Garnishee | § | |
| And | § | |
| JOSH CORNELIUS, | § | |
| Judgment Debtor. | § | |

**ORDER REQUIRING STATEMENT OF JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 7.1(a)(2), a party in a case brought pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a) must disclose its citizenship on its first appearance in the case. "The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor . . . ." Rule 7.1(a)(2). The burden of establishing federal jurisdiction lies with the party asserting it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002). Because Plaintiff-Garnishor filed this action in federal court, it bears the burden to demonstrate subject matter jurisdiction.

The assertion of citizenship must be fact-specific and not conclusory. *J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (per curiam) (requiring domicile rather than residence facts to support individual jurisdiction, refusing to accept joint assurances on appeal, and remanding to require that the jurisdictional facts be properly established prior to reaching the merits). Citizenship facts include the following:

- For a natural person: domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C. v. Fed. Ins. Co*., 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568–69 (1915)). "[A]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam) (quoting *Strain v. Harrelson Rubber Co*., 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).

- For a corporation: (a) the state of incorporation; and (b) where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

- For an unincorporated entity such as a limited liability company or partnership: the citizenship of each of its members or partners. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). If a member or partner of such an entity is another business entity, the citizenship of that entity must also be properly alleged. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

- For a national bank: "the state in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (construing 28 U.S.C. § 1348).

On November 9, 2026, Plaintiff-Garnishor filed its initial appearance in the form of its complaint (D.E. 1) without also filing a Rule 7.1 disclosure or effectively alleging diversity jurisdiction. The complaint is conclusory in that it fails to provide factual detail to support the allegations of its own citizenship and fails to reference whether Defendant First Community Bank, N.A.'s main office is so designated in its articles of incorporation.

Therefore, Plaintiff-Garnishor is **ORDERED** to file a statement of jurisdiction with proper factual allegations on or before **December 4, 2026**, stating all of the necessary citizenship facts related to diversity jurisdiction in this action.

**ORDERED** on November 17, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE